# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1653

_____

Julian Rodriguez

*Plaintiff - Appellant*

v.

Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: January 15, 2019
Filed: April 15, 2019
[Unpublished]

_____

BEFORE LOKEN, GRASZ, and STRAS, Circuit Judges

_____

PER CURIAM.

Julian Rodriguez, who suffers from various medical conditions, applied for social-security-disability benefits. The administrative law judge ("ALJ") concluded

that Rodriguez was disabled, but only as of May 1, 2015, not the earlier date that he had listed on his application. The magistrate judge[1] affirmed, and so do we.

On May 1, 2015, Rodriguez visited the emergency room and complained of stroke-like symptoms, including facial drooping, numbness, and a headache. After undergoing medical tests, he was diagnosed with Bell's palsy and diabetes. The ALJ determined that, as of this date, he was disabled in light of his "significantly deteriorated" condition. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv)–(v), (g), 416.920(a)(4)(iv)–(v), (g). But before this date, according to the ALJ, Rodriguez could still work. Rodriguez challenges the latter finding.

For at least two reasons, we conclude that there is "substantial evidence [in] the record" to support the May 1, 2015, onset date. *Vance v. Berryhill*, 860 F.3d 1114, 1117 (8th Cir. 2017). First, when Rodriguez underwent medical testing between 2012 and 2014, which measured such things as his strength, balance, reflexes, and pulmonary function, the results were largely normal. Second, Rodriguez reported on his application that, during this same period, he could perform a variety of daily activities, including cooking, shopping, and mowing. *See Ponder v. Colvin*, 770 F.3d 1190, 1195–96 (8th Cir. 2014) (per curiam) (upholding the denial of disability benefits, in part, because the claimant could perform a variety of daily activities, from "wash[ing] dishes" to "shop[ping] for groceries"). Even if, as the ALJ noted, Rodriguez "suffered from multiple severe impairments prior to May 1, 2015," the record supports the conclusion that those impairments did not prevent him from working. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (noting that "we will not reverse the [ALJ's] decision merely because substantial evidence would have also supported a contrary outcome").

Rodriguez claims, however, that the ALJ made a procedural error by failing to consult a medical advisor before identifying the onset date. He relies on Social

[1]The Honorable Noelle C. Collins, United States Magistrate Judge for the Eastern District of Missouri, to whom this case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

Security Ruling 83-20,[2] which stresses that it is "essential that the onset date be correctly established and supported by the evidence." 1983 WL 31249, at *1 (Jan. 1, 1983); *see also Grebenick v. Chater*, 121 F.3d 1193, 1200–01 (8th Cir. 1997) (discussing Ruling 83-20). It goes on to say that, if adequate medical records are unavailable and the "onset [date] must be inferred," the ALJ "*should* call on the services of a medical advisor." Social Security Ruling 83-20, 1983 WL 31249, at *3 (emphasis added); *see also id.* at *3–4 (providing the example of a hypothetical claimant who alleges a disability dating back to 1979 but whose medical records only go back to 1980).

The parties disagree about whether the word "should" in Ruling 83-20 requires an ALJ to consult a medical advisor every time an inference is required to determine the onset date for a disability. Under any plausible reading, however, the ALJ did not have to consult a medical advisor in *this* case, because identifying the date when Rodriguez's disability began did not require the ALJ to make the types of inferences contemplated by Ruling 83-20. *See Grebenick*, 121 F.3d at 1201 (interpreting Ruling 83-20 to require medical consultation when the evidence is ambiguous, there is "no contemporaneous medical documentation," and a "retroactive inference is necessary"). Rather, the ALJ simply relied on the "contemporaneous medical documentation" in the record, including from before May 1, 2015, to conclude that Rodriguez did not become disabled until he visited the emergency room and first complained of stroke-like symptoms. *See id.*; *cf.* Social Security Ruling 83-20, 1983 WL 31249, at *2 (calling "medical evidence . . . the primary element in the onset determination").

The judgment is accordingly affirmed.

———————————————

———————————————

[2]The Social Security Administration has since replaced Social Security Ruling 83-20 with Social Security Ruling 18-01P. 2018 WL 4945639 (Oct. 2, 2018). The latter requires "us[e] [of] the rules that were in effect at the time" of the ALJ's decision, including Ruling 83-20. *Id.* at *7.